IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

YBARRA INVESTMENTS, INC.

    Plaintiff,

v.

    Case No.: 19-cv-80241

JIMMYCHANGAS, LLC

    Defendant.

_____/

## COMPLAINT

Plaintiff, YBARRA INVESTMENTS, INC., by and through undersigned counsel, hereby sues JIMMYCHANGAS, LLC, and, in support thereof, states as follows:

## PARTIES

1. Plaintiff, YBARRA INVESTMENTS, INC. ("YBARRA" or "Plaintiff"), is a corporation duly organized under the laws of the State of Texas, with a principal address located at 2601 Underwood Drive, La Porte, Texas, 77571.

2. Defendant, JIMMYCHANGAS, LLC ("JC" or "Defendant"), is a limited liability company duly organized under the laws of the State of Florida, with a principal place of business located at 106 N. Olive Ave., West Palm Beach, FL 33401.

## NATURE OF ACTION, JURISDICTION, AND VENUE

3. This is an action seeking damages and equitable relief for trademark infringement, trademark dilution, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1501, *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over Defendant, because Defendant (a) has marketed, distributed, offered for sale, and/or sold goods and services within this district, (b) regularly conducts and/or transacts business within this district, and/or (c) has otherwise made or established contacts within this district sufficient to permit the exercise of personal jurisdiction.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391, because a substantial part of the acts or events giving rise to Plaintiff's claims occurred in this district.

## GENERAL ALLEGATIONS

a. **YBARRA's Ownership of "JIMMY CHANGAS" Brand and Trademarks**

7. YBARRA owns and operates a number of restaurant chains throughout the United States. As a result, YBARRA has created various brands in support and promotion of its restaurants, each of which have garnered worldwide recognition and fame based on the successful operations and extensive marketing relating thereto.

8. One such brand is "JIMMY CHANGAS," which YBARRA uses as the brand identifier for its chain of Tex-Mex restaurants. Currently, YBARRA has established four (4) JIMMY CHANGAS restaurants throughout the State of Texas, with the intent of developing more franchises throughout the United States in the near future, and has marketed its restaurants throughout the United States, including in this district.

9. YBARRA has applied for and received federal registration for a number of trademarks with the United States Patent and Trademark Office (USPTO) for its JIMMY CHANGAS chain of restaurants. One such registration is for the trademark JIMMY CHANGAS (USPTO Registration No. 5202520) for use with regard to the following goods and services – IC

043: Restaurant and Bar Services (the "Registered Mark"). A copy of the registration for the Registered Mark is attached hereto as **Exhibit A.**

10. YBARRA has used, and continues to use, the Registered Mark with regard to the goods and services contained therein as early as April 30, 2010. As such, YBARRA continues to maintain all rights, title, and interest in and to the Registered Mark, including, without limitation, the sole and exclusive right to use the Registered Mark in interstate commerce for its associated goods and services.

11. YBARRA's ownership of the Registered Mark constitutes prima facie evidence of the validity thereof and provides constructive notice to all third parties regarding YBARRA's federal rights in and to the Registered Mark.

12. YBARRA has proceeded to registration for three (3) other trademarks bearing the JIMMY CHANGAS brand:

   a. JIMMY CHANGAS FRESH. MEX. FUN (USPTO Registration No. 4920657);

   b. JIMMY CHANGAS (USPTO Registration No. 4869592); and

   c. JIMMY CHANGAS FRESH. MEX. FUN (USPTO Registration No. 4854210)

13. As a result of YBARRA's ownership of the Registered Mark and other registered trademarks associated with its "JIMMY CHANGAS" brand, including, without limitation, as used with regard to the providing of restaurant and bar services, YBARRA has developed and established goodwill and a strong sense of association between it and its "JIMMY CHANGAS" brand amongst the consuming public.

**b. JC's Infringement of YBARRA's "JIMMY CHANGAS" Brand and Trademarks**

14. JC submitted Articles of Organization for the formation of the limited liability company on April 9, 2014, stating the business' effective date as May 1, 2014.

15. JC is the operator of the restaurant "JIMMY CHANGAS" in West Palm Beach, Florida, as promoted via its website (http://www.jimmychangas561.com/home.aspx). According to its website, JC serves "Authentic Mexican food fast and fun," such as tacos, burritos, quesadillas, chimichangas and tostadas.

16. As seen on its website and promotional and marketing materials used for advertisement, JC utilizes an identical name – JIMMY CHANGAS – for identical goods and services – i.e., restaurant and bar services – as YBARRA.

17. JC's use of the name "JIMMY CHANGAS" to provide restaurant and bar services is unauthorized and constitutes federal trademark infringement of YBARRA's rights, title, and interest in and to the Registered Mark.

18. On February 5, 2019, YBARRA served JC with a cease and desist letter, demanding that JC immediately discontinue use of the term "JIMMY CHANGAS" in relation to restaurant and bar services (the "Demand Letter"). A copy of the Demand Letter is attached hereto as **Exhibit B**.

19. The Demand Letter is not the first time YBARRA has demanded that JC cease and desist use and misappropriation of its "JIMMY CHANGAS" brand. Despite the delivery of multiple notices, putting JC on actual notice of its misappropriation and indicating JC's intent to continue to misappropriate the brand name, JC continues to operate in violation of the federal rights afforded to YBARRA, and it is clear that JC will continue to commit such infringing acts to the irreparable harm and detriment of YBARRA's established goodwill if not enjoined from doing do so.

20. YBARRA has used, and continues to use, its "JIMMY CHANGAS" brand extensively for the promotion, and as the identifier, of its chain of Tex-Mex restaurants. Such use

predates JC's use of the name "JIMMY CHANGAS" for identical services, which occurred well after YBARRA had established protectable rights therein based upon its ownership of the Registered Mark.

21. JC's continued use of "JIMMY CHANGAS" is likely to cause confusion amongst consumers due to JC's use of an identically similar mark for identical goods and services.

## COUNT I –TRADEMARK INFRINGEMENT

22. YBARRA repeats and incorporates by reference each of the allegations contained in paragraphs 1 – 21 and further states as follows:

23. YBARRA's Registered Mark serves as prima facie evidence of the validity of YBARRA's "JIMMY CHANGAS" trademark and YBARRA's exclusive right to use the "JIMMY CHANGAS" trademark as a brand identifier for restaurant and bar services.

24. JC's use of "JIMMY CHANGAS" is identical and/or confusingly similar to YBARRA's use of the Registered Mark, and has caused and/or is likely to cause confusion, deception, and mistake amongst the consuming public by creating the false and misleading impression that JC's goods and services are associated or connected with YBARRA, and/or are provided via YBARRA's sponsorship, endorsement, or approval.

25. JC's use of an identical and/or confusingly similar mark infringes upon YBARRA's federal rights, title, and interest in and to the Registered Mark in violation of 15 U.S.C. § 1114. Unless enjoined, JC's activities will continue to cause a likelihood of confusion and deception amongst the consuming public, and, additionally, injury to YBARRA's goodwill and reputation established in and to the Registered Mark, for which YBARRA has no adequate remedy at law.

26. JC's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the Registered Mark to YBARRA's irreparable harm.

27. As a result thereof, YBARRA is entitled to injunctive relief and to recover JC's profits, actual damages, costs, and attorneys' fees in accordance with 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II – TRADEMARK DILUTION

28. YBARRA repeats and incorporates by reference each of the allegations contained in paragraphs 1 – 21 and further states as follows:

29. YBARRA has exclusively and continuously promoted its Tex-Mex chain of restaurants under the "JIMMY CHANGAS" brand for over nine (9) years, which has allowed YBARRA's "JIMMY CHANGAS" brand to become a famous and well-known symbol of YBARRA's goods and services well before JC began using the "JIMMY CHANGAS" name.

30. JC's use in commerce of an identical and/or confusingly similar mark dilutes and/or is likely to dilute the distinctiveness of YBARRA's Registered Mark by negatively impacting the public's exclusive identification of the Registered Mark with YBARRA's, tarnishing and/or degrading the positive associations between YBARRA and the Registered Mark, and/or otherwise lessening the capacity of the Registered Mark to identify and distinguish YBARRA's goods and services.

31. JC's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the Registered Mark and/or cause dilution of the Registered Mark to YBARRA's irreparable harm.

32. As a result of the irreparable injury to YBARRA's goodwill and business reputations, and dilution of the distinctiveness and value of YBARRA's Registered Mark, YBARRA is entitled to injunctive relief and to recover JC's profits, actual damages, costs, and attorney's fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## COUNT III – UNFAIR COMPETITION

33. YBARRA repeats and incorporates by reference each of the allegations contained in paragraphs 1 – 21 and further states as follows:

34. JC's use of a mark identical and/or confusingly similar to YBARRA's use of the Registered Mark has caused and/or is likely to cause confusion, deception, and mistake amongst the consuming public by creating the false and misleading impression that JC's goods and services are associated or connected with YBARRA, and/or are provided via YBARRA's sponsorship, endorsement, or approval.

35. Through its use of the "JIMMY CHANGAS" name, JC has made false representations, false descriptions, and/or false designations of origin on or in connection with its goods and services in violation of 15 U.S.C. § 1125(a). Unless enjoined, JC's activities will continue to cause a likelihood of confusion and deception amongst the consuming public, and, additionally, injury to YBARRA's goodwill and reputation established in and to the Registered Mark, for which YBARRA has no adequate remedy at law.

36. JC's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the Registered Mark to YBARRA's irreparable harm.

37. As a result thereof, YBARRA is entitled to injunctive relief and to recover JC's profits, actual damages, costs, and attorneys' fees in accordance with 15 U.S.C. §§ 1125(a), 1116, and 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, YBARRA prays that it be granted the following relief:

A.  A preliminary and permanent injunction restraining and enjoining Defendant, its principals, officers, directors, agents, servants, and employees, as well as any successors,

representatives, assigns, and all other persons acting for, with, by, through, in privity, concert, or participation with Defendant, from:

a. Imitating, copying, duplicating, or otherwise making any use of the "JIMMY CHANGAS" mark or any other mark confusingly similar to the Registered Mark;

b. Advertising, marketing, promoting, distributing, offering for sale, or selling any product or service in connection with any copy or colorable imitation of the Registered Mark;

c. Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or confusingly similar to any of Plaintiff's trademarks, trade dresses, names or logos;

d. Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

e. Operating any website or social media account associated with, linking to, transferring, selling, exercising control over, or otherwise owning any domain name or social media account, trademark, or service mark that incorporates, in whole or in part, the Registered Mark; or

f. Engaging in any other activity constituting unfair competition or infringement of the Registered Mark or Plaintiff's rights, title, and interest relating thereto.

B. An Order compelling Defendant to account to Plaintiff for any and all profits derived from the sale of goods and services under the "JIMMY CHANGAS" name;

C. An order requiring Defendant and any principals, agents, servants, employees, representatives, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order, to deliver up for destruction all infringing products and all promotional, advertising, and any other printed materials and items of any kind bearing the name "JIMMY CHANGAS," and/or any other mark or design confusingly similar to the Registered Mark;

D. All damages caused by the acts forming the basis of this Complaint;

E. Treble damages pursuant to Defendant's knowing and intentional use of an identical and/or confusingly similar imitation of Plaintiff's "JIMMY CHANGAS" as provided for by 15 U.S.C. § 1117(a);

F. Attorneys' fees and costs incurred by Plaintiff in this action as provided for by 15 U.S.C. § 1117(a);

G. Punitive damages based on Defendant's willful and deliberate infringement and/or dilution of the Registered Mark;

H. Prejudgment and post-judgment interest on all monetary awards; and

I. Such other relief as this Court deems just and appropriate

February 19, 2019                                                    Respectfully submitted.

                                                              **HEITNER LEGAL, P.L.L.C**
*Attorney for Plaintiff*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By: /s/ Darren A. Heitner

DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com